**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**J.S. VIG CONSTRUCTION COMPANY, Joseph S. Vig and Madeline Vig jointly and severally, Defendants.**

**No. 91–73079.**

United States District Court, E.D. Michigan, S.D.

Feb. 10, 1992.

Mager, Monahan, Donaldson & Alber by Lita Masini Polke, Detroit, Mich., for plaintiff.

Patrick A. Moran & Associates by Patrick A. Moran, Nedelman Romzek Smith & Frank by Michael A. Nedelman, Southfield, Mich., for defendants.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

GADOLA, District Judge.

Plaintiff Insurance Company of North America ["INA"] filed its complaint June 21, 1991, seeking indemnification from defendants on certain bonds executed by defendants J.S. Vig Construction Company ["J.S. Vig"], Joseph S. Vig and Madeline Vig. Defendants filed their answer to the complaint July 29, 1991, admitting, *inter alia,* that these bonds were indeed executed by defendants in plaintiff's favor.[1] Plaintiff filed its motion for summary judgment August 21, 1991. This motion did not state that defendants' concurrence had been sought and denied as directed in Local Rule 17(a)(1) (E.D.Mich.1991). Defendants filed a response October 23, 1991, generally stating that summary judgment would be improper at that time because settlement negotiations were still ongoing. After oral argument November 20, 1991, and after receiving copies of the executed bonds November 25, 1991, this court entered its November 27, 1991 memorandum opinion and order granting plaintiff's motion for summary judgment.

Plaintiff now brings the instant motion for Fed.R.Civ.P. 11 sanctions against defendants and their counsel for their "actions ... in defending the litigation and opposing Plaintiff's Motion for Summary Judgment...."[2] Plaintiff asserts that sanctions are appropriate because defendants (1) asked for and received oral hearing adjournments, (2) did not attempt to negotiate a settlement in good faith, (3) filed a response brief citing no law and offering no opposing argument other than that settlement negotiations were underway, and (4) failed to supply certain financial documents to plaintiff on time. Defendants respond that Fed.R.Civ.P. 11 applies to "pleadings, motions and other paper." Defendants state that, because the actions plaintiff complains of are not contained in a "pleading, motion or other paper," Fed.R.Civ.P. 11 does not apply.

This court agrees with defendants. Federal R.Civ.P. 11 clearly states

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

■ First, Fed.R.Civ.P. 11 applies to writings, not oral requests given for ad-

---

1. Defendants' Answer at paras. 6 & 7.

2. Plaintiff's Mot. Summ. J. at para. 3.

journments, settlement negotiations or financial statements to be gratuitously supplied. Second, defendants' documents were truthful. There was no deceit involved in defendants' answer to the complaint. Defendants' truthful admissions were "well grounded in fact." Further, defendants' response to plaintiff's motion for summary judgment gave no opposing argument other than that settlement negotiations were underway. There was no falsehood or deceit involved.

If plaintiff had sought concurrence in its motion for summary judgment, had been denied concurrence and this denial was stated in plaintiff's motion, then this court would not hesitate to tax costs against defendants pursuant to Local Rule 17(a)(1).[3] However, because plaintiff chose not to comply with the local pleading rules, this court will not and cannot tax costs for failure to concur.

## ORDER

For the foregoing reasons, it is hereby ORDERED that plaintiff Insurance Company of North America's motion for Rule 11 sanctions is DENIED.

SO ORDERED.

---

**3.** Local Rule 17(a)(1) (E.D.Mich.1991) requires that

[t]he motion shall affirmatively state that the concurrence of counsel in the relief sought has been requested on a specific date, and the concurrence has been denied or has not been acquiesced in and hence it is necessary to bring the motion.... The Court may tax costs for unreasonable withholding of consent.